**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ronald Carman,** | ) | **CASE NO. 1:19 CV 2101** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Sheriff Clifford Pinkney,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

## INTRODUCTION

*Pro se* Petitioner Ronald Carman requests leave from this Court to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2242 (Doc. 1), which he attaches (Doc. 1-2) to his request, and moves this Court to stay the proceedings of a criminal case pending in the Cuyahoga County Court of Common Pleas, Case No. CR-16-604846) ("Criminal Case") (Doc. 4).

For the reasons that follow, Carnan's request for leave to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2242 is granted. The petition and motion to stay are denied, and this action is dismissed. Carman has filed a motion to proceed with this matter *in forma pauperis* (Doc. 3), and that motion is granted.

**BACKGROUND**

Carman states that in February 2016, he was serving a sentence at the Belmont state prison on a matter unrelated to the Criminal Case and was to be released April 20, 2016. Before he was released, he became a person of interest in two cases being investigated by Pamela Bradek. (Doc. 1-2 at 4). On February 26, 2016, a grand jury summons was issued for Carman to be conveyed to the Cuyahoga County Jail where he was held pending the filing of charges in the Criminal Case. An indictment was filed on March 30, 2016, charging Carman in the Criminal Case with rape, kidnaping, and gross sexual imposition against two victims. (*Id*.).

Carman sought to proceed in the Criminal Case *pro se*, and the trial court granted his request. During a pretrial hearing on February 26, 2019, Carman submitted a written motion to quash the indictment due to a procedural defect and asked the trial court to dismiss the Criminal Case. In the motion, Carman argued that he was jailed on February 26, 2016, in connection with charges in the Criminal Case but not indicted until March 30, 2016, in violation of his right "provided by the statute" to be charged within thirty (30) days from the date an individual is arrested, detained, or served with a summons in connection with such charges. (Doc. 1-1). The statute to which Carman refers is the Federal Speedy Trial Act, 18 U.S.C. § 3161(b). (Doc. 1-2 at 2, 6-8).

On April 30, 2019, the trial court conducted a hearing on Carman's motion. The State argued that the speedy trial provision did not apply because Carman was already serving a sentence. (*Id*. at 6-7). The trial court denied the motion. (*Id*.; *see also* Doc. 4). On June 3, 2019, Carman's appeal of that ruling to the Ohio Eighth District Court of Appeals was denied

for lack of a final appealable order.[1] He filed a writ of habeas corpus with the Ohio Supreme Court, which was dismissed *sua sponte*. (Doc. 1-2 at 4; Doc. 4).

Claiming that he has exhausted his available state remedies, Carman seeks habeas relief from this Court and a stay of the Criminal Case. (*Id*.). Carman asserts two grounds for relief: (1) the indictment in the Criminal Case is procedurally defective and void because it was not filed within the time period required by § 3161(b); and (2) the trial court erred by not dismissing the indictment. (Doc. 1-2 at 6-8). Carman argues that these errors in the pending Criminal Case violate the statute and his constitutional rights under the Sixth and Fourteenth Amendments and asks this Court to dismiss the indictment or reverse the trial court's denial of his motion to quash the indictment. (*Id*. at 3, 6-8).

**STANDARD OF REVIEW**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). This principle of liberal construction applies to petitions for a writ of habeas corpus. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Notwithstanding, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274,

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (citing cases)).

1277-78 (4th Cir. 1985).

**DISCUSSION**

Carman seeks to bring his petition pursuant to 28 U.S.C. § 2242. Section 2242 is a procedural statute governing the application for a writ of habeas corpus and does not provide a basis for habeas relief. Carman recognizes that it is not appropriate to seek habeas relief pursuant to 28 U.S.C. § 2254 because he is not challenging a judgment of conviction in the Criminal Case. (Doc. 1 at 2). But a state pretrial detainee may file a petition pursuant to 28 U.S.C. § 2241 and, in the spirit of liberal construction, the Court will construe Carman's petition under § 2241. *See Phillips v. Court of Common Pleas, Hamilton Cty*., Ohio, 668 F.3d 804, 809 (6th Cir. 2012) ("[H]e is in custody pursuant to an indictment. Section 2254, therefore, by its own terms, does not apply to Phillip's petition, and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241.") (citations omitted).

Under 28 U.S.C. § 2241(c)(3), federal courts have authority to grant habeas relief to a state pretrial detainee in custody in violation of the Constitution or laws or treaties of the United States. *Id.* That said, it is well-settled that a federal court should not interfere in pending state criminal proceedings absent the threat of an "irreparable injury" that is "both great and immediate."[2] *Younger v. Harris*, 401 U.S. 37, 46 (1971). "Courts have generally

---

[2] Generally, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. Abstention is appropriate if: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988) ("*Younger* established the principle that in cases seeking to enjoin ongoing state criminal proceedings, federal courts should not exercise jurisdiction but instead should dismiss the cases in their entirety.") (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

recognized that *Younger* applies to applications for the writ of habeas corpus." *Smith v. Hall*, No. 3:12-CV-1022, 2013 WL 587479, at *3 (M.D. Tenn. Feb. 13, 2013) (collecting cases).

The Sixth Circuit has cautioned that the Court's power under § 2241 should be limited:

> [A]lthough § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

"Federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011) (citation omitted). The first is a claim that a state prosecution will violate the Double Jeopardy Clause. *Id.* (citation omitted). The second exception involves "certain speedy trial claims." *Id.* (citation omitted). Federal courts distinguish between relief which would dismiss a state court case on speedy trial grounds and an order requiring a prompt state trial. *Id.* (citing *Atkins*, 644 F.2d at 546). In other words, a distinction is drawn between a state court defendant seeking to disrupt the orderly functioning of a state's judicial processes as opposed to a defendant seeking to enforce his right to have the state bring him promptly to trial. *Id.* (citing *Dickerson v. State of La.*, 816 F.2d 220, 227(5th Cir. 1987)). Indeed, dismissal of a criminal case "'could not be more disruptive of pending state actions.'" *Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) (quoting *Atkins*, 644 F.2d at 546). And even when such special circumstances exist, petitioners proceeding under § 2241 must first exhaust available state remedies. *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008));

-5-

*Humphrey*, 840 F. Supp. 2d at 1043 ("The constitutional right to a speedy trial does not generally qualify as a special circumstance which eliminates the exhaustion requirement.") (citing *Dickerson*, 816 F.2d at 227).

Even assuming for the purpose of this analysis that Carman has exhausted his state court remedies, the Court must dismiss the petition. Carman's basis for relief is grounded in the claim that his indictment is void for failure to comply with the 30-day requirement of 18 U.S.C. § 3161(b). But the "Federal Speedy Trial Act, 18 U.S.C. § 3161 et seq., applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State." *Walton v. State of South Carolina*, No. 9:06-2383-HFF-GCK, 2006 WL 3312202, at *4 (D.S.C. Nov. 9, 2006) (collecting cases). Carman's claim that his indictment is void because it was not issued in accordance with the requirements of an inapplicable federal statute does not state a cognizable claim for habeas relief.

The Court cannot reasonably construe the grounds for relief in the petition concerning an alleged defective indictment as presenting a claim that Carman was denied his constitutional right to a speedy trial. But even if the petition could be so construed, it would nevertheless be dismissed because the exceptions to *Younger* abstention do not apply here. "Although petitioner has alleged a violation of his speedy trial rights, unlike the petitioner in *Atkins*, he does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him." *Cunningham v. Hamilton Cty. Sheriff*, No. 1:14-CV-377, 2014 WL 4639194, at *2 (S.D. Ohio Sept. 16, 2014) (citing among authority *Atkins*, 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a

prompt trial date, as opposed to dismissal of the charges, as relief)).

Moreover, even if Carman's indictment is defective in some manner, such a defect does not rise to the level of extraordinary circumstances required to trigger an exception to *Younger* abstention. *See Martin v. Sheldon*, No. 1:17 CV 120, 2017 WL 1969464, at *3 (N.D. Ohio May 10, 2017) (denying § 2241 petition and declining to interfere with pending state criminal proceeding where petitioner challenged the validity of the indictment, among other claims); *Jenkins v. Kentucky*, No. CIV.A. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (denying § 2241 petition and declining to interfere in pending state criminal proceeding where petitioner argued that the state charges are void because the indictment was returned without a grand jury being in session); *Simpson v. Jones*, No. 11-CV-422-JBC-CJS, 2012 WL 3912755, at *3 (E.D. Ky. July 16, 2012) (recommending dismissal of § 2241 petition where petitioner argued that pending state criminal proceeding is illegal and petitioner seeks to quash the indictment), report and recommendation adopted, No. CIV.A. 11-422-JBC, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012). If Carman is convicted in the Criminal Case, he may raise validity of his indictment on direct appeal and in other available state court proceedings. *See Undiandeye v. Jackson*, No. 1:19 CV 1391, 2019 WL 5395330, at *2 (N.D. Ohio Oct. 22, 2019) (court must abstain from interfering in pending state criminal proceeding because claims of speedy trial and defective search warrants can be asserted in the course of the state proceedings).

For these reasons, the Court declines to interfere with the pending Criminal Case.

**CONCLUSION**

For all of the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* is granted and his motion to stay is denied.  Carman's petition for a writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Court
        Chief Judge

Dated: 1/15/20